Alvin E. NUNLEY, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 609.

United States District Court
E. D. Tennessee,
Winchester Division.

Jan. 14, 1963.

Howard G. Swafford, Jasper, Tenn., for plaintiff.

J. H. Reddy, U. S. Atty., and Ottis B. Meredith, Asst. U. S. Atty., for defendant.

NEESE, District Judge.

This is an action to review a decision of the defendant administrator denying the plaintiff disability benefits under the Social Security Act, 42 U.S.C. § 405 (g). Both parties have filed motions for summary judgments.

In reviewing the pleadings and transcript in an effort to arrive at a proper decision on each of these motions, the Court is impressed with the absence

in the record submitted of facts on which proper determinations can be made. It was incumbent on the defendant Secretary to make a reasoned determination as to whether the plaintiff was and is able or unable " ' " * * * to engage in substantial and gainful activity (commensurate with his age, educational attainments, training experience, mental and physical capacities)." * * *

" 'Such a determination requires resolution of two issues—what can applicant do, and what employment opportunities are there for a man who can do only what applicant can do?

" 'Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available * * *.' Kerner v. Flemming, 283 F.2d 916, 921 (C.A. 2, 1960)." Roberson v. Ribicoff, C.A. 6th (1962), 299 F.2d 761, quoted in Holbrook v. Ribicoff, C.A. 6th (1962), 305 F.2d 933, 934.

■ The burden is on the plaintiff to prove his disability, 42 U.S.C. §§ 416(i) and 423(c); but there is a companion issue which the defendant Secretary is bound to determine, *viz.*, what employment opportunities are available for a man who can do only what claimant can do? Holbrook v. Ribicoff, supra; Erickson v. Ribicoff, C.A. 6th (1962), 305 F.2d 638, 639. The Court finds in the transcript of this record no substantial evidence at all relative to this second issue.

■ This Court is empowered to remand a cause such as this to the Secretary for a rehearing. 42 U.S.C. § 405 (g). Mindful of the fact that the prior hearing before the hearing examiner herein was informal and that the plaintiff, a non-professional layman, was unrepresented by counsel therein, the Court concludes that good cause exists for remanding this matter to the Secretary.

It, therefore, is ORDERED on the Court's motion that this cause be and the same hereby is remanded to the defendant and the Social Security Administration is directed to conduct further proceedings in conformity herewith.