Marion JOHNSON, Jr., a resident of Franklin County, Tennessee, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 601.

United States District Court E. D. Tennessee, Winchester Division.

Feb. 1, 1963.

Lawrence Fricks Stewart, Winchester, Tenn., for plaintiff.

J. H. Reddy, U. S. Atty., Ottis B. Meredith, Asst. U. S. Atty., Chattanooga, Tenn., for defendant.

NEESE, District Judge.

This is an action under 42 U.S.C. § 405 (g) to review a decision of the defendant administrator denying the plaintiff a period of disability under 42 U.S.C. § 416 (i) as well as disability insurance benefits under 42 U.S.C. § 423. The defendant administrator has moved for a summary judgment and supported said motion with a 36-page brief.

A review of the pleadings and transcript discloses an absence of facts on which a proper adjudication can be made herein. The defendant administrator has failed to make a reasoned determination as to whether there are employment opportunities for a man who can do only whatever plaintiff may be able to do. The necessity for such administrative determination was discussed by the Court recently in Nunley v. Celebrezze, D.C. Tenn. (1963), 213 F.Supp. 6.

In the case at bar a hearing examiner of the Bureau of Hearings and Appeals of the Social Security Administration found that the plaintiff had not established that he had impairments, singularly or in combination, of such severity as to preclude his engaging in any substantial gainful activity at any time when he met the special earnings requirement of the Social Security Act which had continued through the date he filed the instant application. There is, however, no finding either by the hearing examiner or the Appeals Council with reference to the employment opportunities for plaintiff if the Court should come to a converse conclusion.

The Court of Appeals for the Sixth Circuit has unhesitatingly reversed the district courts and ordered a more comprehensive development of all the pertinent facts relative to both (1) the disability of claimants, such as this plaintiff, as well as to (2) the availability of employment which such claimants might be able to perform. Unless these two issues are decided administratively, the courts cannot make an intelligent adjudication on review. See: Holbrook v. Ribicoff, C.A. 6th (1962), 305 F.2d 933; Roberson v. Ribicoff, C.A. 6th (1962), 299 F. 2d 761. It is without profit for the district courts to consider any element of claims of this nature on review unless the administrative agency has developed all the essential facts. Further, it is unobjective for district courts in this

**728**

Circuit to put litigants to the expense of a double review with such reversals in prospect on further appeal.

Accordingly, it is ordered that this action be, and it hereby is, remanded to the defendant for further proceedings by the Social Security Administration in conformity with this opinion, 42 U.S.C. § 405(g).