## Ora P. HALL
v.
### Arthur S. FLEMMING, Secretary of Health, Education and Welfare.
No. 14300.

United States Court of Appeals
Sixth Circuit.
April 13, 1961.

Ora F. Duval, Olive Hill, Ky., for appellant.

John W. Morgan, Asst. U. S. Atty., Lexington, Ky. (Jean L. Auxier, U. S. Atty., Lexington, Ky., on the brief), for appellee.

Before MILLER, Chief Judge, and McALLISTER and WEICK, Circuit Judges.

McALLISTER, Circuit Judge.

This is an appeal from an order of the District Court dismissing appellant's claim for benefits under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g). Appellant had filed his application for disability insurance benefits, which had been determined adversely to him by the Bureau of Old Age and Survivors Insurance of the Social Security Administration. After such adverse determination, appellant had requested a hearing before a Referee, who, in a comprehensive opinion, ruled that he was not entitled to such benefits. Upon request for review of the decision of the Referee, the Appeals Council of the Department of Health, Education and Welfare, affirmed the findings and conclusions of the Referee. The District Court, on review of the decision of the Appeals Council, acting for the Secretary, found that appellant, because of the condition of his health, was "under severe handicap, and a failure to succeed in this cause will apparently make of him a dependent upon charity until he reaches a sufficient age to draw social benefits under other laws. But the findings of the Referee are supported by substantial evidence and are

therefore conclusive. He has found that the claimant has not sustained the burden of proving that he is suffering from a physical impairment which could be expected to result in death, or to be of long continued or indefinite duration, or that he is not capable of engaging in any substantial, gainful activity." The court further held that "there is ample proof to sustain the findings of the Referee that this claimant is a man of intelligence and some education and has the ability to perform services and duties other than those of his accustomed occupation."

However, in the determination of this appeal, the controlling questions are: (1) what can appellant do; and (2) what employment opportunities are there for a man who can do only what appellant can do?

In a similar case, Kerner v. Flemming, 2 Cir., 283 F.2d 916, 921, the court held, after reviewing the record, that there was no substantial evidence that would enable the Secretary to make any reasonable determination whether the applicant was unable to engage in substantial and gainful activity. In its opinion, the court said:

> "Such a determination requires resolution of two issues—what can applicant do, and what employment opportunities are there for a man who can do only what applicant can do? Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available. * * * Here there was insufficient evidence on either issue * * *."

We have before us no substantial evidence as to what appellant can do, or as to his employment opportunities, and, further, we have no reasoned determination and findings on these controlling issues. Accordingly, the order appealed from is reversed with directions that the case be remanded to the Secretary of Health, Education and Welfare in order that further evidence be taken and findings be made on the above-mentioned issues.