Benton **ROBERSON**, Plaintiff-Appellant,

v.

Abraham A. **RIBICOFF**, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 14502.

United States Court of Appeals
Sixth Circuit.

March 7, 1962.

William L. Gibson, Gibson & Gibson, Louisville, Ky., for appellant.

Marvin S. Shapiro, Washington, D. C., William H. Orrick, Jr., Asst. Atty. Gen., Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C., William B. Jones, U. S. Atty., Louisville, Ky., on brief, for appellee.

Before MILLER, Chief Judge, and MARTIN and O'SULLIVAN, Circuit Judges.

MARTIN, Circuit Judge.

This appeal is from a district court affirmance of the Social Security Administration's decision that claimant was not entitled to a period of disability and to disability insurance benefits under the Social Security Act.

Early in 1958, plaintiff made application to the appropriate bureau of the Social Security Administration, seeking disability insurance benefits and to establish a period of disability under Sections 223 and 216(i) of the Social Security Act. 42 U.S.C.A. §§ 423 and 416(i) (1). In his application, plaintiff-appellant claimed that, because of a severe pain in his leg, he had been unable

to work since the middle of September, 1957. The bureau denied his application on the ground of his failure to prove that his condition had prevented his engaging in substantial gainful work. Upon reconsideration, this denial was reaffirmed by the bureau. Thereafter, a hearing was held, at which claimant presented evidence of his physical condition. After reviewing all the evidence presented, the hearing examiner found that appellant's condition "has not reached the level of severity as to prevent the claimant from engaging in some substantial gainful activity."

Plaintiff then brought this action in the United States District Court for review of the administrative decision pursuant to Section 205(g) of the Act. 42 U.S.C.A. § 405(g). The District Judge found that the decision of the hearing examiner, adopted by the bureau, was supported by substantial evidence and therefore was conclusive. From this summary judgment entered in favor of the Secretary, the plaintiff appeals.

The evidence introduced by appellant at the hearing consisted almost entirely of medical reports concerning his condition made by doctors who had examined him. Some ten reports, representing the opinions of at least four doctors, were put in evidence. In general, all the doctors agreed that the plaintiff was suffering from a tumor mass in the nerve under the right kneecap; that such a tumor caused great pain; and that it was a rare and serious condition, unlikely to improve. While the physicians agreed that the tumor might be excised, they were of opinion that an operation was not indicated, inasmuch as it might result in loss of the use of the leg. One doctor, who considered the effect of this condition on the plaintiff's ability to work, stated that the plaintiff probably was unable to work; another declared that in his opinion the plaintiff was completely disabled.

Plaintiff and his wife both testified in his behalf at the hearing. Their testimony was essentially that, because of the pain in his leg, plaintiff could not work at a regular job; that he could neither drive a car, nor walk, very far; and that, in order to get relief from pain, he had to lie down three or four times each day.

No evidence appears in the record to rebut that introduced by the appellant, the original bureau determination of no disability being the only thing contrary to the evidence presented. This determination apparently was based on only two of plaintiff's early medical reports and not on any personal examination to determine his condition.

Yet, the hearing examiner decided that the claimant was not entitled to the period of disability and to disability insurance benefits for which he had applied, inasmuch as his impairment had not reached the level of severity which would prevent his engaging in some substantial gainful activity. The decision was based on the following conclusions:

"There is not one line of evidence to show that this claimant couldn't continue to supervise the building of houses, just as many building contractors do. * * *

"There is nothing in the evidence to show that this man could not run an elevator or act as a watchman, which would require alternate sitting and walking; he undoubtedly could repair furniture in a small shop or do many other things that would be substantially active and gainful." These words were quoted by the United States District Court in its opinion affirming the Social Security Administration's determination of no disability.

We think that such determination must be set aside as not supported by substantial evidence. This court has made its position clear in two cases decided last term. Hall v. Fleming, 289 F.2d 290 (C.A.6; 1961); King v. Fleming, 289 F.2d 808 (C.A.6; 1961). Our decisions relied upon a 1960 case from another circuit, which contains the following language:

"The Government relies heavily, as it did successfully in the District Court, on

the provision in § 205(g) that 'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *'. Accepting this as we do, we think there was here no substantial evidence that would enable the Secretary to make any reasoned determination whether applicant was 'unable to engage in substantial and gainful activity (commensurate with his age, educational attainments, training experience, mental and physical capacities).' * * * Such a determination requires resolution of two issues—what can applicant do, and what employment opportunities are there for a man who can do only what applicant can do? Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available * * *." Kerner v. Flemming, 283 F.2d 916, 921 (C.A.2; 1960).

The administrative decision in this case does not measure up to our adopted standard. Not only was there no substantial evidence to show that appellant could engage in some substantial gainful activity; but, also, there was no evidence that employment was available to appellant in those fields of endeavor which the hearing examiner found him capable of handling. In fact, all the evidence points to the conclusion that appellant cannot engage in any substantial gainful work; and it is mere speculation to say that he can get a job as a furniture repairer, when the uncontradicted testimony is that he has to lie down three or four times each day to relieve the pain in his leg.

Argument is advanced by counsel for the Secretary that, even if the administrative determination is not supported by substantial evidence, we should intervene only "when the standard appears to have been misapprehended or grossly misapplied." It is contended that where Congress has seen fit to put initial review of an agency decision in one court, a second court should so limit its scope of review as to reverse only in extreme cases. We cannot accept this argument, for two reasons: (1) there is nothing to indicate that this was the intent of the Congress; and (2) the argument makes no provision for the established superintending power of the Supreme Court. Even were we to accept this argument, we could well find that this is one of those extreme cases requiring us to reverse.

We conclude, therefore, that the summary judgment entered herein in favor of the Secretary must be reversed, inasmuch as the administrative determination was not based on substantial evidence. The cause is remanded to the United States District Court for judgment directing the Social Security Administration to conduct further proceedings in conformity with this opinion.