John VANOVER, Plaintiff,

v.

Abraham A. RIBICOFF, Secretary of Health, Education and Welfare, Defendant.

No. 681.

United States District Court
E. D. Kentucky,
Pikeville Division.

May 21, 1962.

Ronald W. May, Pikeville, Ky., for plaintiff.

Bernard T. Moynahan, Jr., U. S. Atty., Lexington, Ky., for defendant.

MAC SWINFORD, District Judge.

The record is before the court on two motions: (1) the defendant's motion for summary judgment and (2) the plaintiff's motion to remand the case to the Secretary of the Department of Health, Education and Welfare for determination of the fact of the type of work the plaintiff could do and what opportunities there were for employment for individuals who could do the type of work the plaintiff could do.

By order of April 26, 1962, the parties were given time to brief the defendant's motion for summary judgment. The motion to remand was filed on May 1, 1962 and in considering that motion it is necessary that the court review the whole record. A review of the record indicates clearly that the motion to remand should be overruled and the motion for summary judgment should be sustained. To delay ruling upon this case until the filing of briefs as set forth by the court's order of April 26 would be an imposition upon both parties and an idle gesture. The order of April 26 giving the parties time to brief the motion for summary judgment is set aside. The court now proceeds to pass upon all pending motions.

Should either party feel aggrieved by this action of the court, which is adopted in the interest of fairness to the litigants and to avoid unnecessary delay, the party feeling so aggrieved may file motion to reconsider or may take such further steps as he deems appropriate.

This case does not fall within the rule laid down in Hall v. Flemming, 6 Cir., 289 F.2d 290 and King v. Flemming, 6 Cir., 289 F.2d 808. In those cases the question of total and permanent disability during the disability freeze period was not in question. The sole issue was whether or not the defendant could sustain a claim that there was substantial gainful activity in which the claimant could engage, irrespective of his physical and mental condition or limitation during the disability freeze period.

In the instant case the whole record clearly sustains the position that the plaintiff's claimed total and permanent disability, growing out of circumstances set forth in the record, began long after his period of eligibility for disability payments. That period ended on September 30, 1952. While the plaintiff makes the naked statement that he was totally and permanently disabled in 1948 because of an arthritic condition in his hands, there is no evidence of real significance that he was at that time or at any time prior to September 30, 1952, totally and permanently disabled within the meaning of the law. The record discloses numerous accidents and establishes substantial physical impairments of which he is now complaining but all of these were many years subsequent to 1952.

Plaintiff quit his work as a barber because of pain in his hands, shoulders and back, apparently related to arthritis (Tr. 33). There is no medical evidence on these conditions other than a statement in a medical report dated in 1955 to the effect that plaintiff had arthritis and stomach trouble five or six years previous thereto. (Tr. 56). It is also shown that plaintiff broke his left leg and right foot at different times either in 1946 or 1947 (Tr. 32). This does not satisfy the requirement of proving disability to engage in all types of substantial gainful activity.

The motion to remand should be overruled. The motion for summary judgment in favor of the defendant should be sustained. An order in conformity with this memorandum is this day entered.