**J. Kash HOLBROOK, Plaintiff-Appellant,**

v.

**Abraham A. RIBICOFF, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 14606.**

United States Court of Appeals Sixth Circuit.

July 6, 1962.

E. B. Rose, Beattyville, Ky. (O. J. Cockrell, Jackson, Ky., Rose & Short, Beattyville, Ky., on the brief), for appellant.

Stanley M. Kolber, Atty., Dept. of Justice, Washington, D. C. (William H. Orrick, Jr., Asst. Atty. Gen., Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C., Bernard T. Moynahan, Jr., U. S. Atty., Lexington, Ky., on the brief), for appellee.

Before MILLER, Chief Judge, SIMONS, Senior Judge, and THORNTON, District Judge.

PER CURIAM.

Plaintiff's illnesses, of which there are presently many, appear to have commenced late in 1946 when he underwent hospitalization treatment for about three weeks for diabetes. From that time until the present he has continued to suffer from diabetes mellitus with its various debilitating effects. He also suffers from chronic severe pulmonary emphysema. This constitutes impairment to his respiratory system. Fuller descriptions of the concomitant symptoms and disabilities occasioned by these will be found in the Hearing Examiner's Decision as well as in the decision of the Appeals Council. Suffice it to state here that petitioner has been afflicted with numerous physical aggravations resulting from these two impairments affecting two different body systems. In 1956 he filed application to establish a period of disability which was denied under Section 216(i) of the Social Security Act, as amended, Section 416(i), Title 42 United States Code Annotated. Upon request for reconsideration his application was again denied. At his request a hearing on his application was held. The Hearing Examiner found appellant to be disabled and awarded a period of disability from December 21, 1946. His decision contains a complete factual picture. It bears the date of September 14, 1959. The Appeals Council, on its own motion, reviewed the case and reversed the decision of the Hearing Examiner on March 5, 1960. Within 60 days, April 13, 1960, this proceeding was commenced in the District Court below. On April 12, 1961 the lower court, by order, affirmed the decision of the Appeals Council. This appeal followed. The District Judge found that the decision of the Appeals Council was supported by substantial evidence and is conclusive.

This court has adopted certain standards applicable to administrative decisions in this kind of case. Hall v. Flemming, 289 F.2d 290 (6 Cir., 1961); King v. Flemming, 289 F.2d 808 (6 Cir., 1961); Roberson v. Ribicoff, 6 Cir., 299 F.2d 761, decided March 7, 1962. In Roberson v. Ribicoff we said:

"Our decisions relied upon a 1960 case from another circuit, which contains the following language: 'The Government relies heavily, as it did successfully in the District Court, on the provision in § 205(g) that "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *".

"'Accepting this as we do, we think there was here no substantial evidence that would enable the Secretary to make any reasoned determination whether applicant was "unable to engage in substantial and gainful activity (commensurate with his age, educational attainments, training experience, mental and physical capacities)." * * *

"'Such a determination requires resolution of two issues—what can applicant do, and what employment opportunities are there for a man who can do only what applicant can do?

"'Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available * * *.' Kerner v. Flemming, 283 F.2d 916, 921 (C.A. 2, 1960)."

The Hearing Examiner here found "that there is substantial evidence indicative of the existence of a combination of severe impairments sufficient to prevent the claimant from engaging in substantial gainful activity compatible with his age, education, and industrial experience from December 21, 1946. Accordingly, a period of disability is granted under Section 216(i) of the Social Security Act, as amended, from December 21, 1946. The prior determinations of the Bureau of Old-Age and Survivors Insurance are therefore reversed." The Appeals Council determined that appellant was not entitled to the period of disability. In Roberson v. Ribicoff, supra, we said: "Not only was there no substantial evidence to show that appellant could engage in some substantial gainful activity; but, also, there was no evidence that employment was available to appellant in those fields of endeavor which the hearing examiner found him capable of handling. In fact, all the evidence points to the conclusion that appellant cannot engage in any substantial gainful work." The above quotation applies with equal force to the instant case. We conclude therefore that the order affirming the decision of the Appeals Council must be reversed inasmuch as the administrative determination was not based on substantial evidence. The cause is remanded to the United States District Court for judgment directing the Social Security Administration to conduct further proceedings in conformity with this opinion.