Monroe HARLESS, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare of the United States of America, Defendant.
Civ. No. 1600.

United States District Court
E. D. Tennessee,
Northeastern Division.
Jan. 31, 1963.

Harry L. Garrett, Kingsport, Tenn., for plaintiff.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., and John A. Ayres, Jr., Asst. U. S. Atty., Knoxville, Tenn., for defendant.

NEESE, District Judge.

The plaintiff Monroe Harless, a claimant for disability insurance benefits under the Social Security Act, filed this action for a judicial review of the adverse final decision of the Appeals Council of the Social Security Administration, of which the defendant is administrator. 42 U.S.C. § 405(g). The defendant has now moved for a summary judgment, Rule 56(b) and (c), Federal Rules of Civil Procedure.

A cursory review of the transcript of the administrative proceedings reveals that this record is not yet in proper order for a comprehensive judicial review. Therefore, the Court will forego at this time reciting the history of the proceedings as well as action on the defendant's motion.

The sole inquiry here is whether in the period at issue the plaintiff was unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment, or impairments, which could be expected to result in death or to be of long-continued and indefinite duration, and the burden is on the plaintiff to prove his disability. 42 U.S.C. §§ 416(i) and 423(c) (2).

■ However, in order to support the administrative determination of the plaintiff's claim, in finding adversely to the claimant, there must be substantial evidence regarding the kind of work the plaintiff is able to do and what employment opportunities are available for a person who can do only what claimant can do. Holbrook v. Ribicoff, C.A. 6th (1962), 305 F.2d 933; Erickson v. Ribicoff, C.A. 6th (1962), 305 F.2d 638; Roberson v. Ribicoff, C.A. 6th (1962), 299 F. 2d 761, 763; Hall v. Flemming, C.A. 6th (1961), 289 F.2d 290; King v. Flemming, C.A. 6th (1961), 289 F.2d 808.

In other words, in language adopted by the Court of Appeals for the Sixth Circuit in Holbrook, supra, (305 F.2d at p. 934):

" ' * * * (T)here was here no substantial evidence that would enable the Secretary to make any reasoned determination whether applicant was "unable to engage in substantial and gainful activity (commensurate with his age, educational attainments, training experience, mental and physical capacities)." * * *

" ' "Such a determination requires resolution of two issues—what can applicant do, and what employment opportunities are there for a man who can do only what applicant can do?

" ' "Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available * * *." ' "

■ In view of the unmistakable position our Circuit's Court of Appeals has

562

assumed in this field, the Court considers it improper administration to proceed with a record which is incomplete under that Court's requirements. This plaintiff's claim has been under administrative consideration for more than five years. Both he and the government are entitled to a full, final and expeditious determination. This end will be served better by this Court's remanding the record for the required additional determination.

Under the power of the Court granted by 42 U.S.C. § 405(g), this cause hereby is remanded to the defendant Secretary with directions for the Social Security Administration to conduct further proceedings in conformity with this opinion and order.