Carl E. JOHNSON, Plaintiff-Appellant,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 1251.

United States District Court
E. D. Kentucky.

Oct. 2, 1963.

Julian H. Golden, Pineville, Ky., for plaintiff-appellant.

Bernard T. Moynahan, Jr., U. S. Atty., Moss Noble, Arthur L. Brooks, Jr., Asst. U. S. Attys., for defendant-appellee.

HIRAM CHURCH FORD, Senior District Judge.

By this action, the Plaintiff-Appellant Carl E. Johnson seeks review of the final decision of the Secretary of Health, Education and Welfare, by which the Secretary affirmed the action of James L. Taylor, Hearing Examiner, of October 11, 1962, holding that Plaintiff-Appellant is not entitled to disability benefits under sections 223(a) and 216(i) of the Social Security Act.

The Plaintiff-Appellant invokes jurisdiction of the Court pursuant to the provisions of § 205(g) of the Act, 42 U.S. C.A. § 405(g), upon the ground that the finding of the Hearing Examiner, upon which denial of Appellant's claim was based, is not supported by substantial evidence in the record.

The finding of the Hearing Examiner's report is thus stated:

"* * * The record in this case is devoid of adequate medical evidence to support a finding of 'disability' as defined in the Act.

"In the light of the entire evidence of record and of the foregoing considerations, the Hearing Examiner finds that the claimant has not established that he has impairments, either singularly or in combination of such severity as to preclude him

from engaging in any substantial gainful activity at any time for which his application of June 24, 1961, was effective. It is the decision of the Hearing Examiner that the claimant is not entitled to disability insurance benefits or to a period of disability under sections 223 (a) and 216(i) of the Social Security Act, as amended."

Such finding and conclusion of the Examiner seems to evidence an unjustifiable disregard of the statements of several eminent and experienced physicians that by reason of the ailments from which Plaintiff-Appellant was suffering he was totally and permanently disabled, or a mistaken appraisal of the record in that respect.

In Hall v. Celebrezze, Secretary, 314 F.2d 686, 690, (C.A.6) the Court said:

"In our opinion, it was competent for medical experts to testify as to the nature and extent of Hall's ailments, whether temporary or permanent, their treatment and prognosis. They could testify as to what effect these ailments had on his health and his ability to perform manual labor including the degree of his disability.

\* \* \* \* \* \*

"In United States v. Calvey, 110 F.2d 327 (C.A.3) a physician was permitted to testify that the patient was disabled 'from doing any kind of work.' In United States v. Cannon, 116 F.2d 567 (C.A.1), it was held proper for a doctor to testify that disability was total and permanent. See also: Rowe v. Gatke Corp., 126 F.2d 61 (C.A.7); Corrigan v. United States, 82 F.2d 106 (C.A.9)."

After examination of the record, it is my view that there is no substantial evidence in this record that would enable the Hearing Examiner to make any reasonable determination whether the Plaintiff-Appellant was unable to engage in substantial and gainful activity for such determination requires resolution of two issues: (1) What can appellant do, and (2) What employment opportunities are there for a person who can do only what Appellant can do.

There is no substantial evidence in this record upon these controlling issues, and no finding was made in such respects.

It is therefore ordered that the Motions for Summary Judgment filed by both parties be and are denied, and it is further ordered that the decision of the Secretary herein appealed from should be and is reversed with directions that the case be remanded to the Secretary of Health, Education and Welfare, in order that further evidence be taken and findings be made upon the above mentioned issues. Hall v. Flemming, Secretary, 289 F.2d 290 (C.A.6, 1961); Hall v. Celebrezze, Secretary, 314 F.2d 686, (C.A.6, 1963); Rice v. Celebrezze, Secretary, 315 F.2d 7, 17, (C.A.6, 1963); Roberson v. Ribicoff, Secretary, 299 F.2d 761 (C.A.6, 1962); Holbrook v. Ribicoff, Secretary, 305 F.2d 933, (C.A.6, 1962); Jones v. Celebrezze, Secretary, 321 F.2d 192, (C.A.6, 1963).