**John W. PREWITT, Plaintiff-Appellant,**

v.

**Abraham A. RIBICOFF, Secretary of Health, Education and Welfare, Defendant-Appellee.**

No. 1022.

United States District Court
E. D. Kentucky.

Oct. 4, 1963.

Hamm, Taylor & Milby, London, Ky., for plaintiff-appellant.

Bernard T. Moynahan, Jr., U. S. Atty., Moss Noble, Asst. U. S. Atty., for defendant-appellee.

HIRAM CHURCH FORD, Senior District Judge.

By this proceeding, the Plaintiff-Appellant, John W. Prewitt, pursuant to the provisions of § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), seeks review of a decision of the Appeals Council, Department of Health, Education and Welfare, which affirmed the decision of Joseph Chodes, Hearing Examiner of the Social Security Administration, to whom this action was assigned for appropriate further proceedings in conformity with the order of the United States Court of Appeals for the Sixth Circuit of August 16, 1961, and the order of the District Court, Eastern District of Kentucky, of September 20, 1961, remanding the case to the Secretary of Health, Education and Welfare for the taking of evidence and the making of findings as required in Hall v. Flemming, 6 Cir., 289 F.2d 290, and King v. Flemming, 6 Cir., 289 F.2d 808.

The Hearing Examiner issued his decision, which is here challenged, on September 28, 1962, in which he summarized his findings as follows:

"In summary, it would appear that the claimant, following his injury in February, 1957 could have returned to his old job in the mines as certified by Dr. Prater. In any event there was no medical contraindication to the performance of many other types of work of a lighter nature. Many of the symptoms of which he now complains, such as shortness of breath and arthritis in multiple joints became significant only after he filed his application in December, 1957. Mr. Feldman, a specialist in vocational rehabilitation, testified that there are a number of light jobs that the claimant could have performed in the mines and for other employers in the area in which he lives. If the area of industrial opportunity is broadened to include the entire economy there would be even more jobs available to a person with the remaining capabilities of the claimant. Briefly, in answer to the first question propounded by the Court in the Hall and King cases, what can the claimant do? the Hearing Examiner is of the opinion, and so finds, that as of December 18, 1957, and prior thereto, the claimant had the ability to engage in semiskilled, moderately arduous physical work not involving excessive bending or lifting. In answer to the second question, what employment opportunities are there for a man who can do only what the claimant can do? the Hearing Examiner is of the opinion, and so finds, that there were available to the claimant the many employment opportunities in the mining industry, in the claimant's immediate community and in the economy generally which were testified to by the expert vocational witness, Mr. Feldman."

The Hearing Examiner stated his conclusions as follows:

"In the light of the entire evidence of record and of the foregoing considerations, the Hearing Examiner finds that the claimant has not established that he has impairments, either singularly or in combination, of such severity as to preclude him from engaging in any substantial gainful activity on or before December 18, 1957, the date he last filed application. It is the recommended decision of the Hearing Examiner that the claimant is not entitled to disability insurance benefits or to a period of disability under Sections 223(a) and 216(i) of the Social Security Act, as amended.

"The Hearing Examiner notes that the claimant who was born November 4, 1900 will attain age 62 in November, 1962. The liberalized 1961 amendments to the Social Security Act permit men age 62 to apply for reduced old-age insurance benefits if they do not desire to wait until age 65 to apply for full retirement benefits. Thus, if the claimant wishes, his eligibility to a reduced annuity may be determined upon filing of an application therefor with the Social Security District Office in his community."

Upon consideration of the entire record, in my opinion the record discloses that the findings and conclusions of the Hearing Examiner are supported by substantial evidence and, under the provisions of § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), they are conclusive.

The decision of the Hearing Examiner is affirmed, the summary motion filed by the Defendant-Appellee should be and is sustained and this case is hereby ordered dismissed.