Emma FERGUSON, Plaintiff-Appellant,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Department of Social Security Administration, Defendant-Appellee.

No. 409.

United States District Court
E. D. Kentucky,
Jackson.

Oct. 4, 1963.

**500**

W. L. Steele, Ashland, Ky., for plaintiff-appellant.

Bernard T. Moynahan, Jr., U. S. Atty., Moss Noble, Asst. U. S. Atty., for defendant-appellee.

HIRAM CHURCH FORD, Senior District Judge.

On December 28, 1960, Plaintiff-Appellant Emma Ferguson filed her application for disability insurance benefits under the Social Security Act. By this proceeding, pursuant to the provisions of § 205(g) of the Act, 42 U.S.C.A. § 405(g), Plaintiff-Appellant seeks review of the decision of Henry G. Reese, Hearing Examiner, issued on August 30, 1962, which denied her claim, and which in due course was affirmed by the Appeals Council of the Social Security Administration, and became the final decision of the Secretary of Health, Education and Welfare.

In the Hearing Examiner's decision holding the claimant not entitled to disability insurance benefits or to a period of disability under sections 223(a) and 216(i) of the Social Security Act, as amended, it is stated:

"Claimant has, of course, suffered a period of illness during which she was temporarily precluded from doing any kind of work by reason of the severity of the tuberculosis and her capacity for engaging in hard strenuous labor may have been permanently diminished because of some pulmonary dysfunction."

It appears that the Hearing Examiner made no findings on the issues as to (1) What can the Plaintiff-Appellant do; and (2) What employment opportunities were available to a person afflicted as she was.

In a similar case, King v. Flemming, 289 F.2d 808 (C.A.6), the Court said:

"* * * Without such findings, the decision of the Secretary cannot be supported."

In Hall v. Flemming, 289 F.2d 290, 291(C.A.6), it is pointed out that such a determination requires resolution of the two above mentioned issues and, consequently, in the absence of evidence upon such issues "there was no substantial evidence that would enable the Secretary to make any reasonable determination whether the applicant was unable to engage in substantial and gainful activity."

For lack of substantial evidence to support the decision herein challenged, it is therefore ORDERED that the decision of the Secretary denying the claim of the Plaintiff-Appellant should be and is hereby reversed with directions that this case be remanded to the Secretary of Health, Education and Welfare in order that further evidence be taken and findings be made on the above mentioned issues. Roberson v. Ribicoff, 299 F.2d 761, 763 (C.A.6); Holbrook v. Ribicoff, 305 F.2d 933, 934 (C.A.6); Kerner v. Flemming, 283 F.2d 916, 921 (C.A.2).