**James H. LONG, Plaintiff-Appellant,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Department of Social Security Administration, Defendant-Appellee.**

**No. 1247.**

United States District Court
E. D. Kentucky,
London.

Oct. 8, 1963.

Joseph K. Beasley, Harlan, Ky., for plaintiff-appellant.

Bernard T. Moynahan, Jr., U. S. Atty., Arthur L. Brooks, Jr., Asst. U. S. Atty., for defendant-appellee.

HIRAM CHURCH FORD, Senior District Judge.

On October 3, 1960, Plaintiff-Appellant, James H. Long, filed his application for disability insurance benefits under the Social Security Act. By this proceeding, filed January 7, 1963, pursuant to the provisions of § 205(g) of the Act, 42 U.S. C.A. § 405(g), Plaintiff-Appellant seeks review of the decision of Peter T. Langan, Hearing Examiner, issued on July 10, 1962, which denied his claim, and which in due course was affirmed by the Appeals Council of the Social Security Administration, and became the final decision of the Secretary of Health, Education and Welfare.

It appears from an examination of the record and the decision of the Hearing Examiner that there is no material dispute in the evidence as to the fact that the capacity of the Plaintiff-Appellant for engaging in his former occupation as a laborer in coal mines or other strenuous work has been materially and permanently reduced because of the serious and total permanent impairment of his right arm.

The Hearing Examiner made no findings on the issues as to (1) What can the Plaintiff-Appellant do; and (2) What employment opportunities were available to a person afflicted as he was.

In a similar case, King v. Flemming, 289 F.2d 808 (C.A.6), the Court said:

"* * * Without such findings, the decision of the Secretary cannot be supported."

In the case of Kerner v. Flemming, 283 F.2d 916, 921 (C.A.2), the Court said:

"* * * Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available."

In Hall v. Flemming, 289 F.2d 290, 291 (C.A.6), it is pointed out that such a determination requires resolution of the two above mentioned issues and, consequently, in the absence of evidence upon such issues "there was no substantial evidence that would enable the Secretary to make any reasonable determination whether the applicant was unable to engage in substantial and gainful activity."

For lack of substantial evidence to support the decision herein challenged, it is therefore ordered that the decision of the Secretary denying the claim of the Plaintiff-Appellant should be and is hereby reversed with directions that this case be remanded to the Secretary of Health, Education and Welfare in order that further evidence be taken and findings be made on the above mentioned issues. Roberson v. Ribicoff, 299 F.2d 761, 763 (C.A.6); Holbrook v. Ribicoff, 305 F.2d 933, 934 (C.A.6); Jones v. Celebrezze, 321 F.2d 192 (C.A.6); also see, Jarvis v. Ribicoff, 312 F.2d 707 (C.A.6), and Rice v. Celebrezze, 315 F.2d 7 (C.A.6).