**Bernie WHITT, Plaintiff-Appellant,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Department of Social Security Administration, Defendant-Appellee.**

No. 420.

United States District Court
E. D. Kentucky.

Oct. 9, 1963.

W. L. Steele, Ashland, Ky., for plaintiff-appellant.

Bernard T. Moynahan, Jr., U. S. Atty., Moss Noble, Asst. U. S. Atty., for defendant-appellee.

HIRAM CHURCH FORD, Senior District Judge.

On March 20, 1961, Plaintiff-Appellant, Bernie Whitt, filed his application for disability insurance benefits under the Social Security Act. By this proceeding, filed March 29, 1963, pursuant to the provisions of § 205(g) of the Act, 42 U.S.C.A. § 405(g), Plaintiff-Appellant seeks review of the decision of John I. Appell, Hearing Examiner, issued on November 2, 1962, which denied his claim, and which in due course was affirmed by the Appeals Council of the Social Security Administration, and became the final decision of the Secretary of Health, Education and Welfare.

After reviewing in detail the evidence introduced by Plaintiff-Appellant and the physicians who examined him, the Hearing Examiner stated his view of the regulations by which he was governed as follows:

"As already noted, section 404.1502 of the Regulations provides that a remediable impairment, or one that is substantially amenable to therapy, does not constitute a disability. In this respect, the Hearing

Examiner is constrained to find that, whatever the severity of the claimant's residual impairments, the medical evidence establishes that such impairments are remediable by surgery without undue risk to the claimant. It may be also noted that even conservative therapy might achieve substantial recovery and that the claimant's complaints of constantly disabling pain over a period of three years must be viewed with some skepticism in the light of his failure to even wear a back brace up to the time of the hearing, despite the patent loss of weight demonstrated by the record here. Viewed in this light and in the light of the opinions of the majority of the apparently equally competent orthopedic consultants, *it may be inferred that the alleged residuals from the claimant's injury have not been of as severe a degree as alleged by the claimant and his attending physician.*" (Italics added).

The Examiner further stated:

"Giving due consideration to all the evidence of record, and in view of the foregoing, the Hearing Examiner is constrained to find the claimant has failed to establish that from August 11, 1959, or from any other date on or before June 30, 1960, through March 22, 1961, he was continuously unable to engage in any substantial gainful activity because of any medically determinable physical or mental impairment which could be expected to result in death or to be of long-continued and indefinite duration.

"Based on the above facts and the applicable law, the Hearing Examiner concludes that on March 22, 1961, the claimant was not under a disability, as defined in the Social Security Act and the applicable regulations, which began August 11, 1959, or on any other date on or before June 30, 1960.

"Accordingly, it is the decision of the Hearing Examiner that the claimant is not entitled to the establishment of a period of disability under section 216(i) of the Social Security Act, as amended, or to disability insurance benefits under section 223 of the Act."

The Hearing Examiner made no finding on the issues as to (1) What can the Plaintiff-Appellant do; and (2) What employment opportunities were available to a person afflicted as he was.

In a similar case, King v. Flemming, 289 F.2d 808, (C.A.6), the Court said:

"* * * Without such findings, the decision of the Secretary cannot be supported."

In the case of Kerner v. Flemming, 283 F.2d 916, 921, (C.A.2), the Court said:

"* * * Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available."

In Hall v. Flemming, 289 F.2d 290, 291, (C.A.6), it is pointed out that such a determination requires resolution of the two above mentioned issues and, consequently, in the absence of evidence upon such issues "there was no substantial evidence that would enable the Secretary to make any reasonable determination whether the applicant was unable to engage in substantial and gainful activity."

For lack of substantial evidence to support the decision herein challenged, it is therefore ordered that the decision of the Secretary denying the claim of the Plaintiff-Appellant should be and is hereby reversed with directions that this case be remanded to the Secretary of Health, Education and Welfare in order that further evidence be taken and findings be made on the above mentioned issues. Roberson v. Ribicoff, 299 F.2d 761, 763 (C.A.6); Holbrook v. Ribicoff, 305 F.2d 933, 934 (C.A.6); Jones v. Celebrezze, 321 F.2d 192 (C.A.6).

In Jarvis v. Ribicoff, 312 F.2d 707 (C.A.6), the Court said:

"What can appellant do in the way of engaging in a substantial gainful activity? The activity in

which he must be able to engage must not only be 'gainful,' but it must also be 'substantial.' "

See also, Rice v. Celebrezze, 315 F.2d 7 (C.A.6) and Ellerman v. Flemming, D.C., 188 F.Supp. 521, 526.