Shelby P. STALLINS, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 1324.

United States District Court
W. D. Kentucky,
at Paducah.

Jan. 31, 1964.

Raymond C. Schultz, Paducah, Ky., for plaintiff.

Wm. E. Scent, U. S. Atty., Louisville, Ky., for defendant.

SHELBOURNE, District Judge.

The plaintiff, Shelby P. Stallins, brought this action under Section 205(g) of the Social Security Act (Section 405 (g), Title 42 United States Code), seeking review of a final decision of the Secretary of Health, Education and Welfare holding that plaintiff is not entitled to a period of disability or disability insurance benefits for which he made application on July 10, 1961. The Secretary's decision was based upon the Hearing Examiner's decision of October 25, 1962, which became final upon denial of plaintiff's request for review by the Appeals Council on January 28, 1963. The defendant filed a motion for summary judgment and the case was submitted to the Court on the pleadings, transcript of the proceedings before the Hearing Examiner, and briefs of counsel.

 The law applicable to plaintiff's status is somewhat complicated by his employment for more than ten years in work covered by the Railroad Retirement Act, Section 228a et seq., Title 45 United States Code. Plaintiff's earnings since 1946 have been railroad compensation and cannot be used for the purpose of establishing his right to disability insurance benefits under Section 223 (a) of the Social Security Act (Section 423(a), Title 42 United States Code). However, in order for him to receive disability benefits under the Railroad Retirement Act, plaintiff must show that his condition warrants the establishment of a period of disability under Section 216(i) of the Social Security Act (Section 416(i), Title 42 United States Code). Section 3(e) of the Railroad Retirement Act, as amended, (Section 228c(e), Title 45 United States Code), authorizes the Secretary of Health, Education and Welfare to determine whether a railroad employee is entitled to a period of disability.

The Hearing Examiner's decision noted that the issue in this case is whether the plaintiff was under a disability, as defined by the Social Security Act, beginning on or before October 10, 1961, for the establishment of a period of disability under the Act. The decision also noted that, excluding railroad compensation, plaintiff last met the special earnings requirements of Section 223(c) of the Act in the quarter ending March 31, 1951. Therefore, in order for plaintiff to be entitled to disability benefits through Social Security coverage, he would have to establish that he was under a disability on or before March 31, 1951, which continued without interruption until July 10, 1961, the date on which he filed his application. Plaintiff continued to work as a railroad section laborer until March 29, 1961, and did not attempt to establish that his disability commenced in 1951 so that he might be entitled to disability insurance benefits under the Social Security Act. The Hearing Examiner held that plaintiff was not under a disability as of October 10, 1961, which would establish a period of disability and entitle him to disability benefits under the Railroad Retirement Act, Section 228b(a) (5), Title 45 United States Code.

 The question for determination by this Court is whether the findings of the Hearing Examiner that plaintiff is not entitled to a period of disability are supported by substantial evidence.

On the basis of plaintiff's testimony at the hearing and the medical reports and records submitted, the Hearing Examiner found that plaintiff had bronchitis and some emphysema. He determined that the medical evidence was sufficient to show that plaintiff is unable to engage

in his usual and customary work as a railroad section hand or any other type of heavy work requiring exposure to the weather. However, the evidence was found to be insufficient to establish that plaintiff's physical impairments prevent him from engaging in some form of substantial gainful activity. It was determined that plaintiff could engage in sedentary indoor work such as that done by an elevator operator, janitor, inspector of machinery parts, or worker in a bottling plant. The record contains no evidence that employment in any of these fields of endeavor is available to the plaintiff.

Medical reports and statements from numerous physicians who have treated him over a period of years beginning in 1946 appear to support plaintiff's uncontroverted testimony that he cannot hold a steady job of any type.

In a report dated July 29, 1961, Dr. Ralph L. Cash revealed a history of illness dating from 1946 with plaintiff becoming unable to work April 1, 1961. He diagnosed plaintiff's illness as chronic peptic ulcer, chronic bronchitis, and chronic prostatitis and pyelitis. Dr. Cash expressed the opinion that plaintiff "is unable to work under exposure or strain and even then has frequent illnesses". In an earlier statement dated May 29, 1961, Dr. Cash recommended plaintiff for permanent and total disability.

The record contains several reports from Dr. N. H. Talley, who first treated the plaintiff in November, 1959 and has continued to see him as a patient once or twice a month over a period of almost four years. He noted that plaintiff has had several hospitalizations for respiratory infections and has missed more than 400 days from work during the last three years due to recurrent respiratory illnesses; plaintiff also has been hospitalized for treatment of other ailments. He reported that plaintiff's condition has grown progressively worse and expressed doubt that there would be any improvement in the future. In a report dated July 29, 1961, Dr. Talley's diagnosis was moderate emphysema, generalized bronchiectasis, and duodenal ulcer. In his opinion plaintiff is unable to work and he stated that the railroad company had been advised that plaintiff is totally and permanently disabled. A statement from Dr. Talley, dated May 6, 1962, recites:

"I certainly feel, as I have stated previously on several occasions that he should be considered totally and permanently disabled on the basis of his chronic lung disease alone, notwithstanding his other problems of duodenal ulcers, hiatal hernia, recurrent bouts of prostatitis and pyelonephritis and arthritis which only further limit his activities."

■■ Four elements of proof must be considered by the Hearing Examiner in making a determination of plaintiff's ability or inability to engage in any substantial gainful activity: (1) the objective medical facts, which are the clinical findings divorced from the expert judgments of the examining physicians; (2) the diagnoses and expert medical opinions regarding the limitation of capacity as the result of plaintiff's impairments; (3) the subjective evidence of pain and disability testified to by the plaintiff, and (4) plaintiff's educational background, work history, and present age. Although he should consider the objective medical facts, the Hearing Examiner is not at liberty to make a medical judgment regarding plaintiff's limitation of capacity where such an inference is not clearly justified by the clinical findings. A definite limitation is placed on the inferences the Hearing Examiner may draw from purely clinical findings in Underwood v. Ribicoff, 4 Cir., 298 F.2d 850, 851 (1962):

"The objective medical findings may show more or less clearly the existence of certain clinically determinable physical or mental impairments. However, a recitation of objective, clinical findings will seldom show, without more, the over-all effect of these impairments on a particular individual. This is a matter of medical judgment to be decided with reference to the individual's

general physical condition and the state of development of each of the defects. The expert medical opinion of treating or examining physicians on these subsidiary questions of fact will in most cases be essential in determining with respect to a particular individual the severity of an objectively determinable physical impairment. This subsidiary question of fact is distinguishable from the ultimate question of fact in issue in the case."

In making his determination in the instant case, the Hearing Examiner apparently relied on pulmonary function studies of the plaintiff made by Dr. W. F. Walker in October, 1961 and Dr. David W. Parsons in July, 1962. These studies show plaintiff's breathing to be near normal as to vital capacity and timed vital capacity with slight reduction in maximal breathing without air trapping. Dr. Walker's report stated the clinical results of his studies but did not make any diagnosis or express a medical judgment as to the severity of plaintiff's impairment. Dr. Parson's report diagnosed plaintiff's condition as pulmonary emphysema with slight to moderate obstructive ventilatory insufficiency, Barach's Class II, and possible co-existing bronchiectasis. Dr. Parson also did not express an opinion as to the effect or duration of these impairments. On these clinical findings and the brief diagnosis of Dr. Parsons, the Hearing Examiner inferred that plaintiff's impairments were not severe enough to prevent him from engaging in a substantial gainful activity by working indoors at sedentary labor.

■ The results of the clinical tests by Dr. Walker and Dr. Parsons do not clearly justify an inference the plaintiff is capable of handling a steady job at indoor sedentary labor. The objective medical facts in the record show the existence of chronic bronchitis, some pulmonary emphysema, intermittent asthma, fibrosis, the possibility of bronchiectasis, and frequent upper respiratory infections which attend this type of disability. The clinical findings of Dr. Walker and Dr. Parsons do not refute the existence of these physical impairments. Therefore, expert medical opinion is essential on the subsidiary questions of plaintiff's physical capacity for resistance and adaptability and the degree of development of his ailments. Underwood v. Ribicoff, supra.

■ The expert medical opinions of Dr. Cash and Dr. Talley were corroborated by physicians and surgeons who examined and treated the plaintiff during his various periods of hospitalization. These two physicians have treated plaintiff for several years and their opinions were not met or contradicted by any other expert judgment. Although their opinions are not conclusive as to plaintiff's ability to engage in any substantial gainful activity, the doctors' opinions do reflect the severity of plaintiff's impairments, the degree of their development, and plaintiff's capacity to resist or adapt to them. Such opinions appear to constitute a proper basis for evidentiary inference on these matters. Therefore, the Court is of the opinion that there was no substantial evidence on which the Hearing Examiner could find adversely to the plaintiff.

The burden of establishing a disability as defined in the Social Security Act rests with the claimant at all times. The claimant sustains that burden where the medical records and medical opinions submitted in his behalf provide substantial evidence of his disability. When a claimant has submitted sufficient medical evidence to establish disability, the administrative agency cannot reach a determination adverse to the claimant unless the record discloses substantial evidence showing the type of work claimant is able to do and the employment opportunities available for a man who can do only what claimant can do. Erickson v. Ribicoff, 6 Cir., 305 F.2d 638 (1962); Roberson v. Ribicoff, 6 Cir., 299 F.2d 761 (1962); Kerner v. Flemming, 2 Cir., 283 F.2d 916, 921 (1960).

In Jarvis v. Ribicoff, 6 Cir., 312 F.2d 707, 710 (1963), the court adopted the

language in Ellerman v. Flemming, D.C. Mo., 188 F.Supp. 521, 527 (1960), as a correct statement of the applicable rule:

"Under the Social Security Act, unlike some other statutes, it is not the burden of the claimant to introduce evidence which negatives every imaginable job open to men with his impairment, and of his age, experience and education. It is quite enough if he offers evidence of what he has done, of his inability to do that kind of work any longer, and, of his lack of particular experience for any other type of job. If there are other kinds of work which are available and for which the claimant is suited, it is the defendant's burden to adduce some evidence from which a finding can be made that he can do some type of work; actually, not apparently."

The plaintiff here is a man fifty-eight years old with a limited education whose work history indicates that his principal employment has been as a railroad section laborer. His employment with the railroad company was terminated March 29, 1961, because of his physical impairments. The Hearing Examiner's determination that plaintiff can work indoors as an elevator operator, janitor, or other similar jobs does not satisfy the defendant's burden of adducing evidence on which a finding can be based that he can engage in some type of substantial gainful activity. There must be substantial evidence to show not only that plaintiff can engage in such activity but that employment is available to him in the fields of endeavor which the Hearing Examiner found him capable of handling. Roberson v. Ribicoff, supra; Hall v. Fleming, 6 Cir., 289 F.2d 290 (1961). It appears that the defendant has failed to adduce the required evidence in this case.

The Court is of the opinion that the plaintiff has introduced substantial evidence in support of his claim of disability and that he is entitled to the establishment of a period of disability under the provisions of the Social Security Act.

The Court concludes that the defendant's motions for summary judgment should be overruled, the decision of the Secretary of Health, Education and Welfare should be set aside, and the case remanded with directions that plaintiff be granted a period of disability under Section 216(i) of the Social Security Act (Section 416(i), Title 42 United States Code). A judgment will be entered in conformity with this memorandum.