**Dave BALDRIDGE, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary, etc., Defendant.**

**No. 652.**

United States District Court
E. D. Kentucky,
Pikeville.

Feb. 5, 1964.

farming. He last worked regularly as a coal loader for a number of years and his employment terminated in January 1959. His disability was recognized by him and his employer as beginning January 24, 1959, at which time he was 53 years of age.

The first hearing was held before Examiner Oscar J. Pomer, and on December 5, 1960, the Examiner filed his decision that plaintiff was not entitled to establish a period of disability or to disability insurance benefits based upon the applications which he filed May 26, 1959.

On January 31, 1961, Mr. Pomer's decision was affirmed by the Appeals Council, and on October 9, 1961, on motion of the United States Attorney the matter was remanded to the Secretary for further administrative action pursuant to section 205(g) of the Social Security Act.

The decision of Hearing Examiner Oscar J. Pomer of December 5, 1960, was vacated. A second hearing was held by the Appeals Council and a decision was rendered on April 5, 1963, holding that the claimant has not sustained the burden of proof of establishing that he has been continuously unable to engage in any substantially gainful activity by reason of his impairments commencing on or before May 26, 1959, the date of filing application for benefits sought herein, and that he was not unable to so engage and by reason thereof he was not entitled to a period of disability or to disability insurance benefits under the provisions of sections 216(i) and 223, respectively, of the Social Security Act.

The decision of the former Hearing Examiner Oscar J. Pomer was again affirmed and this decision became the final decision of the Secretary of Health, Education and Welfare.

On March 29, 1961, plaintiff filed this civil action alleging that the Hearing Examiner and Appeals Council before whom plaintiff's claim was heard erroneously held that the plaintiff failed to establish a period of disability as required by the Act, failed to properly apply the law to plaintiff's claim and wrongfully denied him a period of disability or disability

Dan Jack Combs, Hollie Conley, Prestonsburg, Ky., for plaintiff.

George I. Cline, U. S. Atty., Moss Noble, Asst. U. S. Atty., Lexington, Ky., for defendant.

HIRAM CHURCH FORD, Senior District Judge.

The plaintiff, Dave Baldridge, filed his application for a period of disability and disability insurance benefits under the Social Security Act on May 26, 1959. He was born October 8, 1905, and was educated to the first year of high school. His employment had been principally in loading coal by hand in coal mines but to some extent in previous years he had been engaged in working at steel mills and

insurance benefits under the provisions of the Social Security Act upon the ground that the findings and rulings of the Examiner and Appeals Council were not supported by substantial evidence.

On the second hearing before the Appeals Council it appears from the record that all of the evidence adduced at the first hearing was considered and incorporated in its decision, including the medical evidence which had been relied upon by Examiner Pomer at the first hearing.

After summarizing the medical evidence of record, the conclusion of the Appeals Council was stated thus: "From all the medical evidence now of record, the Appeals Council is of the opinion that the claimant does have chronic emphysema which is probably slowly progressive, and probably some bronchial asthma." And further stated "The record shows that the claimant did have some respiratory impairment during the period in issue, and, as testified by Dr. Anderson in the Workmen's Compensation proceedings, it is inadvisable in such circumstances to continue working in coal mining or other industries where he would be exposed to inhalation of rock dust or other harmful substances. * * it may be reasonably inferred that the claimant was capable of at least moderate exertion at that time. * * * Thus, although the claimant may not have been able during the period in issue to perform heavy, laborious work, and granting that continued exposure to the atmosphere of coal mines was inadvisable, this cannot be equated with inability to perform any kind of substantial gainful work, considering his age, education, training and vocational background." (pp. 60–64 Tr. record.)

In King v. Flemming, (6 Cir. 1961) 289 F.2d 808, the Court of Appeals of this Circuit, in reversing the judgment of the District Court, said:

"In this case, like that of Hall v. Flemming, 6 Cir., 289 F.2d 290, no findings were made by the Secretary on the issues as to what can the appellant do and what employment opportunities were available to a man afflicted as he was. Without such findings, the decision of the Secretary cannot be supported."

The requisite findings referred to in King v. Flemming, supra, are absent here and that case is applicable and controlling.

To the same effect are the following decisions of the Court of Appeals of the Sixth Circuit: Holbrook v. Ribicoff (1962), 305 F.2d 933, Jarvis v. Ribicoff, (1963), 312 F.2d 707, Hall v. Celebrezze, (1963), 314 F.2d 686, Rice v. Celebrezze, (1963), 315 F.2d 7, 15, 16 and Jones v. Celebrezze, (1963), 321 F.2d 192.

Upon consideration of the record, I am of the opinion that the final decision of the Secretary is not sustained by substantial evidence, and this case should be and is reversed with directions that the case be remanded to the Secretary of Health, Education and Welfare and that the plaintiff be granted a period of disability and disability insurance benefits in accordance with the Social Security Act.