Harold W. TILEY, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary, Health, Education and Welfare Department, Defendant.

Civ. A. No. C 63–677.

United States District Court
N. D. Ohio, E. D.

June 19, 1964.

Edward J. Kirk, Cleveland, Ohio, for plaintiff.

Merle M. McCurdy, U. S. Atty., Harry E. Pickering, Asst. U. S. Atty., Cleveland, Ohio, for defendant.

KALBFLEISCH, District Judge.

This is an appeal from a determination that the plaintiff was not entitled to the allowance of a period of disability or to disability benefits under the Social Security Act.

The legal criteria which govern such a case are fully examined in this Court's opinion in Kozik v. Celebrezze, 228 F.Supp. 381 (1963). In that case the Court set out the three elements which plaintiff is required by statute to establish. They are: (1) There must be a "medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration;" (2) there must be an "inability to engage in any substantial gainful activity" ; and (3) the inability must be "by reason of" the impairment. Section 416(i) (1) of Title 42 U.S.C.A., and Meola v. Ribicoff, 207 F.Supp. 658 (S.D.N.Y.1962).

If a plaintiff establishes the first element by showing that he has the requisite impairment he must then establish his inability to engage in substantial gainful activity. His prima facie burden in this second element of his case is met if he shows his inability to engage in any kind of employment in which he has engaged in the past. Jarvis v. Ribicoff, 312 F.2d 707 (6th Cir. 1963). Having made his prima facie case on this issue, if the Department believes that "there are other kinds of work which are available and for which the plaintiff is suited * * *" it is the Secretary's burden to produce some evidence that he actually can do some kind of gainful work. Ellerman v. Flemming, 188 F.Supp. 521 (W.D. Mo.), quoted and approved in Jarvis v. Ribicoff, supra. See also Erickson v. Ribicoff, 305 F.2d 638 (6th Cir. 1962); Rice v. Celebrezze, 315 F.2d 7 (6th Cir. 1963); Roberson v. Ribicoff, 299 F.2d 761 (6th Cir. 1962), quoting and approving Kerner v. Flemming, 283 F.2d 916 (2nd Cir. 1960); King v. Flemming, 289 F.2d 808 (6th Cir. 1961); Hall v. Flemming, 289 F.2d 290 (6th Cir. 1961); Miller v. Celebrezze, 209 F.Supp. 511 (E.D.Ky.1962); Harless v. Celebrezze, 213 F.Supp. 560 (E.D.Tenn.1963); and Walker v. Ribicoff, 213 F.Supp. 32 (N.D. Ohio 1962). In this last regard, not only must the Secretary show that actual employment opportunities are available to the plaintiff in types of work which the Department finds him capable of performing, but the burden of proof on these issues is on the Secretary.

In this case there is no doubt that plaintiff has proved the first element of his case. Without question he is suffering from arthritis, and there is substantial evidence that he also is suffering from some psychiatric difficulties. As to the other claimed ailments, there is substantial evidence in the record which could support a determination that such conditions did not constitute physical impairments which could be expected to be either permanent or of long continued duration.

But there is substantial evidence to support the Secretary's determination that the plaintiff has not succeeded in making out his prima facie case by showing that he is unable "to engage in any substantial activity." Although the hearing examiner did not apply the proper legal standards in deciding this issue, his conclusion is supportable when the correct legal standards are applied.

Plaintiff is a high school graduate with approximately fourteen months of business college training. At various times he has worked as a machine operator, a cook, a statistical biller, a salesman, a guard or nightwatchman, and most re-

cently as an usher at the Cleveland Stadium. There is no evidence in this record that the plaintiff is unable to acquire employment or to be employed in at least some of those various occupations, and thus plaintiff has not made out his prima facie case as to the second element which he is required to prove. The Secretary therefore was not required to show that there are other kinds of work which are available and for which the plaintiff is suited.

The motion of the Secretary for summary judgment will be granted and the determination of the Department of Health, Education and Welfare will be affirmed.