Robert L. **CORBIN**, Plaintiff,

v.

Abraham **RIBICOFF**, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 3046.

United States District Court
W. D. South Carolina,
Greenwood Division.

May 1, 1962.

W. H. Nicholson, Jr., Greenwood, S. C., for plaintiff.

John C. Williams, U. S. Atty., Charles Porter, Asst. U. S. Atty., Greenville, S. C., for defendant.

WYCHE, Chief Judge.

This is an action asking the District Court to review a final decision of the Secretary of Health, Education and Welfare, in accordance with 205(g) of the Social Security Act (42 U.S.C.A. § 405 (g). The decision of the Secretary denied the plaintiff the period of disability and disability insurance benefits for which he applied.

Plaintiff in this case has a fourth grade education. He started to work in the textile mills when he was fourteen years of age and worked at various plants until he suffered a heart attack on July 5, 1958, at the age of forty-seven. After the heart attack his family physician advised him not to do any strenuous work but stated that he could "only do sedentary or clerical work". Plaintiff went back to the cotton mill where he had worked and tried to obtain a job as a watchman but was refused employment. The only other

medical evidence in the record is by a doctor, an internist, who was requested by the defendant to make a cardiac evaluation of the plaintiff. He examined the plaintiff and made the following finding: "1. Arteriosclerotic heart disease, compensated, functional Class II. 2. Recent myocardial infarction. 3. Angina pectoris, mild."

Since 1958, plaintiff and his wife have lived with their son, who has been their principal support; plaintiff cannot walk over a block without stopping; has to climb steps with his hands; has dizzy spells; when he tried to work around the house and dig in the yard he found that he could not, and had an attack of temporary blindness; he drives an automobile only for short distances; he has considerable trouble with shortness of breath, sleeps without a pillow at night. His wife testified that he has to go to bed if he does "the least thing". He sees his doctor every three to five weeks.

█ The District Court is bound by the decision of the Examiner only if his findings and inferences were based upon substantial evidence and the law was properly applied by him.

█ It is well settled, needing no citation here, that findings of law are not binding on this Court, and where the law has been misapplied, this Court may properly correct the errors below.

█ The statute must be administered with much informality, and satisfaction of claimant's statutory burden is to be judged in a practical way. Butler v. Flemming, (C.A.5) 288 F.2d 591 (1961).

█ The four elements of proof to be considered in making a finding of plaintiff's ability or inability to engage in any substantial gainful activity, as laid down in the recent case of Underwood v. Ribicoff (C.A.4) 298 F.2d 850 (1962), are as follows: "(1) the objective medical facts, which are the clinical findings of treating or examining physicians divorced from their expert judgments or opinion as to the significance of these clinical findings, (2) the diagnoses, and expert medical opinions of the treating and examining physicians on subsidiary questions of fact, (3) the subjective evidence of pain and disability testified to by Claimant, and corroborated by his wife and his neighbors, (4) Claimant's educational background, work history, and present age."

It is undisputed in this case that the plaintiff has a heart condition which disqualifies him from strenuous work, the kind of work to which he had been accustomed, as shown by the medical records and the subjective evidence of same as testified to by plaintiff and corroborated by his wife. It is undisputed that plaintiff has a limited educational background, and a record of steady employment up until the time of his heart attack in 1958. Plaintiff was only forty-seven years of age when he had the heart attack but a heart condition can be just as disabling to a young person as to an older person, especially to a person with a fourth grade education whose work history shows that his training and experience equip him only for work which involves a considerable amount of physical exertion. He is dependent for his living upon the ability of his body to function at near capacity. The plaintiff has no educational background that would prepare him for a desk job, nor for any other type of sedentary employment that might reasonably be available to him.

In construing the Act the Court of Appeals of the Fifth Circuit in the case of Butler v. Flemming, (C.A.5) 288 F.2d 591 (1961), (cited as authority in the case of Underwood v. Ribicoff, (C.A.4), 298 F.2d 850 (1962)), decided that the test of eligibility for disability freeze under the Social Security Act must include a consideration of claimant's background, experience, training, education, physical and mental capabilities, kinds and types of employment formerly followed and no longer open to him, the absence of any indication of any specific work less exacting within his residual competency and reasonably available as a prospective source of employment in the general area where he lives.

Chief Judge Biggs of the Third Circuit, designated to sit in the District Court in the case of Klimaszewski v. Flemming, (D.C.E.D.Pa., 1959) 176 F. Supp. 927, 932, stated that: "The word 'any' must be read in the light of what is reasonably possible, not of what is conceivable. The statute must be given a reasonable interpretation. It is a remedial statute and must be construed liberally. It was not the intention of Congress to impose a test so severe as that required by the Secretary and to exact as a condition precedent to the maintenance of a claim the elimination of every possibility of gainful employment."

The Court of Appeals of the Eighth Circuit in the cases of Ribicoff v. Hughes, 295 F.2d 833 (C.A.8, 1961), and Kohrs v. Flemming, 272 F.2d 731 (C.A.8, 1959), followed the interpretation of the Act by Chief Judge Biggs of the Third Circuit.

The Court of Appeals of the Second Circuit in the case of Kerner v. Flemming, 2 Cir., 283 F.2d 916, 921, held, after reviewing the record, that there was no substantial evidence that would enable the Secretary to make any reasoned determination whether applicant was "unable to engage in substantial and gainful activity" and said: "Such a determination requires resolution of two issues—what can applicant do, and what employment opportunities are there for a man who can do only what applicant can do? Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available."

In construing the Act, the Sixth Circuit, in an opinion by the late able and distinguished Circuit Judge John D. Martin, Sr., in the case of Roberson v. Ribicoff (C.A.6) 299 F.2d 761 (1962), pointed out that the Sixth Circuit had followed the standards laid down in the case of Kerner v. Flemming, supra. See, Hall v. Fleming, 289 F.2d 290 (C.A.6, 1961); King v. Fleming, 289 F.2d 808 (C.A.6, 1961).

The Seventh Circuit in the case of Teeter v. Flemming, 270 F.2d 871 (C.A. 7, 1959) said: "The Social Security statute does not require applicant to be completely helpless, but to be unable to engage in substantial and gainful activity (commensurate with his age, educational attainments, training experience, mental and physical capacities) by reason of a medically determinable physical or mental impairment."

As I demonstrated in the case of Snelling v. Ribicoff, (D.C.E.D.S.C.) 198 F.Supp. 432 (1961), the vast majority of the United States District Courts have also agreed that the foregoing tests and standards should be applied in the interpretation of the Social Security Act.

In my opinion the administrative decision in this case does not measure up to the adopted standards and tests of the Court of Appeals of the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Circuits, nor is it in agreement with the tests and standards prescribed by the great majority of the United States District Courts.

My review of the entire record convinces me that the plaintiff's earning capacity and capabilities in engaging in any substantial gainful activity are negligible if not nonexistent.

█ Under the foregoing authorities, I must conclude that the findings of the Examiner as to the establishment of a period of disability and disability insurance benefits are not supported by substantial evidence on the record considered as a whole and under the appeal given by 42 U.S.C.A. § 405(g), the conclusions of the Secretary that the plaintiff was not entitled to the period of disability and disability insurance benefits was clearly erroneous, was incorrect, and must, therefore, be reversed.

It is, therefore, ORDERED, That the decision of the Secretary in this case be and the same is hereby reversed, with direction that judgment be entered for the plaintiff.