307 F.2d 304
 Egbert Wells STEPHENS, Appellant,
v.
Abraham A. RIBICOFF, Secretary of the Department of Health,
Education and Welfare, social Security
Administration, United States of
America, Appellee.
 No. 8599.
 United States Court of Appeals Fourth Circuit.
 Argued June 5, 1962.
Decided Aug. 30, 1962.
 
 John Bolt Culbertson, Greenville, S.C., for appellant.
 John C. Eldridge, Atty., Dept. of Justice (William H. Orrick, Jr., Asst. Atty. Gen., John C. Williams, U.S. Atty., and Alan S. Rosenthal, Atty., Dept. of Justice, on brief), for appellee.
 Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and CRAVEN, District Judge.
 PER CURIAM.
 
 
 1
 This is Egbert Wells Stephens' appeal from the action of the District Court upholding the denial by the Secretary of Health, Education and Welfare of a claim for disability benefits under 42 U.S.C.A. 416(i) and 423.
 
 
 2
 To be entitled to disability payments, the claimant must show that he is unable 'to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinited duration * * *.' 42 U.S.C.A. 416(i)(1)(A) and sec. 423(c)(2). An impairment which is readily remediable does not qualify as one 'of long-continued, indefinite duration.' Bradey v. Ribicoff, 298 F.2d 855, 857 (4th Cir. 1962). But a person shown to be completely disabled is not to be denied benefits upon a mere suggestion that a remedy may be possible in some indefinite future.
 
 
 3
 In the present case, the claimant asserted, and Dr. Poole, called by the Secretary, confirmed that Stephens has a heart disease. Though not organic in origin, his condition, diagnosed as 'neurocirculatory asthenia-- a neurosis of the heart,' is disabling and in fact disables this claimant. On slight exertion he experiences an 'effort syndrome,' manifested by fatigue, anxiety, palpitation of the heart, and sticking pains in the chest. The record reveals not the slightest reason to doubt that Stephens was on the date of claimed disability and is presently unable to engage in any 'substantial gainful activity.' The only question is whether his condition is remediable. Dr. Poole, not a psychiatrist, testified that neurocirculatory asthenia is at least 'partially' curable by psychiatric treatment, but that 'it would be a long, hard road.' The psychiatrist to whom the Secretary sent Stephens confirmed Dr. Poole's diagnosis of the illness, but he was not asked and did not express an opinion as to the nature and extent of the treatment that could be given this claimant or the prospects for recovery within a reasonable time.
 
 
 4
 In the absence of testimony of this point one cannot make a judgment as to remediability. The examiner's determination that Stephens was not entitled to benefits is grounded on Dr. Poole's testimony, which was most vague on this point. The Secretary does not suggest that such speculative evidence is sufficient to support a finding that the claimant's condition is remediable. Rather, he argues that the claimant's evidence is not sufficient to show the contrary.
 
 
 5
 We think that the judgment should be vacated with directions to the District Court to remand the case to the trial examiner for further development of the issue of remediability. It seems clear that more enlightening evidence is available on the issue, and in all fairness to both parties, this should be made part of the reocrd before a final decision is rendered.
 
 
 6
 Order vacated and case remanded.