**Juana RODRIGUEZ, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 182-62.**

United States District Court
D. Puerto Rico,
San Juan Division.
May 14, 1963.

Nachman & Feldstein, San Juan, P. R., for plaintiff.

Francisco A. Gil, Jr., U. S. Atty., San Juan, P. R., for defendant.

RUIZ-NAZARIO, Chief Judge.

In this action for a review of a decision of a Hearing Examiner of the Social Security Administration, both parties have moved for summary judgment on the ground that the pleadings and the transcript of the administrative proceedings show that there is no genuine issue as to any material fact, submitting to the court the question of which party is entitled to judgment as a matter of law.

I must conclude, after reading the transcript of the hearing, and the summaries of the physicians' findings contained in the Hearing Examiner's Decision, that there was no substantial evidence to support the Examiner's decision. Substantial evidence means,

" * * * more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."—per Hughes, C. J. in Consolidated Edison Company v. National Labor Relations Board, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126. Dr. Guzman Acosta "felt" that although plaintiff had generalized suspected rheumatoid arthritis, with proper treatment the disease could be controlled sufficiently to allow patient to engage in gainful employment. This was in September, 1960. This finding can hardly be considered substantial evidence particularly in view of the finding of Dr. Passalacqua who examined plaintiff in August 1960, at government expense. He found arthritis and commented that "she cannot earn a living adequately as a cook or in any other work requiring much standing or walking". In January 1961, Dr. Paul Roth wrote that plaintiff had been a patient at the Mennonite Hospital since 1947, and that since 1952 she has been treated for arthritis. The symptoms had continued to progress over the years with frequent episodes of pain so severe that she was unable to walk. Salicylates, steroids and other preparations were administered over a period of eight years. The salicylates failed to achieve relief. When steroids were given in doses sufficient to relieve the pain the side effects were so serious as to require withdrawal of the treatment and concentration on major doses of salicylates. Dr. Roth commented that "it is not likely that she will improve enough ever to be employable".

It is on the basis of the above medical evidence that the defendant would have this court sustain the finding of the Examiner that "the evidence does not establish that during the period covered by the effective life of her application claimant was suffering from an impairment or combination of impairments of such severity, probable duration and inaccessibility to effective therapy, alleviation and control, as to render her incapable of engaging in any substantial gainful activity in the light of her age, education, occupational experience and adaptability".

Although it is true that plaintiff is not bedridden or at death's door, I do not believe that such conditions are what is meant by "disability" as used in the Act. As stated by Judge Rives in Aaron v. Fleming, D.C., 168 F.Supp. 291, 295,

"Even though the Act is worded in strong language and the Congressional history indicates a strict policy of application, to conclude in this case that the plaintiff is not 'disabled' within the meaning of the Act would make 'disability' commensurate with 'helplessness', 'bedridden,' or 'at death's door.' No matter how infirm, or disabled, or sick a man is, if he still possesses some of his faculties and some degree of mobility, he is not in the strictest sense unable to perform 'any substantial gainful activity.' I do not interpret the Act to apply only to the totally helpless and bedridden nor to those at death's door. If a wage earner has the inability to engage in 'any substantial gainful work' which is commensurate with his education, training, experience, and physical and mental capacities, then he should be given the benefit of the 'disability freeze.'"

See, also Corbin v. Ribicoff, D.C., 204 F.Supp. 65.

Therefore, under the above authorities and in view of the whole record, I must conclude that the Decision of the Hearing Examiner and the Appeals Council's Denial of Request of Review of same were erroneous and not supported by substantial evidence. It is therefore ordered and adjudged that the decision of defendant be and it is reversed and that the cause be remanded with directions to find plaintiff disabled and entitled to disability insurance benefits and establishment of Period of Disability under the Social Security Act. (42 U.S.C. § 416(i) and 423). A fee of $750.00 for plaintiff's attorney for services in the judicial review is approved as reasonable.