**Louis PELLERIN**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare.**

**Civ. A. No. 9283.**

United States District Court
W. D. Louisiana,
Lafayette Division.

Jan. 15, 1964.

Joseph A. LaHaye, Opelousas, La., for plaintiff.

Edward L. Shaheen, U. S. Atty., and Leven H. Harris, Asst. U. S. Atty., Shreveport, La., for defendant.

PUTNAM, District Judge.

This is an action brought pursuant to Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review the final decision of the defendant, Secretary of Health, Education and Welfare, denying plaintiff's application for benefits based on self-employment farm income. Plaintiff has exhausted all administrative avenues of relief, and the matter has been submitted to the Court, both parties having filed motions for summary judgment.

The issues before the Court are whether there is substantial evidence in the record to support the Secretary's findings that Claimant failed to establish that he was unable to engage in any substantial gainful activity as a direct result of a medically determinable impairment which was expected either to result in death or to be of long continued and indefinite duration, and whether the Claimant was disabled during the effective period of his application.

The Hearing Examiner concluded that the Claimant's over-all condition has deteriorated to the point where he cannot engage in work of a hard, strenuous nature, but that he had failed to establish that he is unable to engage in some kind of substantial gainful activity commensurate with his over-all ability to work.

Under the provisions of the Statute authorizing review, 42 U.S.C.A. § 405 (g), the Secretary's findings of fact shall be final if supported by substantial evidence, but the findings of law by the Secretary are not conclusive. Hayes v. Celebrezze, 311 F.2d 648 (5 Cir. 1963); Corbin v. Ribicoff, 204 F.Supp. 65 (D.C.S.C. 1962); 42 U.S.C.A. § 405(g).

The term "substantial evidence" as applied to administrative findings has been defined by the Supreme Court in Consolidated Edison Co. v. N. L. R. B.,

305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938) as follows:

"Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Again, in N. L. R. B. v. Columbian Enameling & Stamping Co., 306 U.S. 292, 59 S.Ct. 501, 83 L.Ed. 660 (1939), that Court said:

"Substantial evidence * * * must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." (306 U.S. 300, 59 S.Ct. 505, 83 L.Ed. 660)

The statute defining disability, 42 U.S. C.A. § 416(i) (1), simply states that one is disabled if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long continued and indefinite duration.

As a practical matter, ability to engage in any substantial gainful activity must be answered by resolving two issues: (1) What can the Claimant do? (2) What employment opportunities are there for a man who can do only what this Claimant can do? Hayes v. Celebrezze, supra; Hicks v. Flemming, 302 F.2d 470 (5 Cir. 1962); Butler v. Flemming, 288 F.2d 591 (5 Cir. 1961).

■ ■ Determination of the Claimant's employability should consider his experience in various lines of work, education, training, and age, as relating to his physical and mental capabilities. Ferran v. Flemming, 293 F.2d 568 (5 Cir. 1961). If he is no longer able to engage in his accustomed labors, there must be a determination based on evidence in the record, that the Claimant can actually engage in some reasonably available and substantially gainful employment. Kerner v. Flemming, 283 F.2d 916 (2 Cir. 1960). The Court said in Butler v. Flemming, supra:

"If there was any work which this Claimant was able to perform, the record fails to disclose it. We do not mean by that to suggest that the formal burden is on the Government to make any such specific showing since the statute puts the general burden on the claimant. But in the context of this Act and the manner in which, out of necessity, it has to be administered with much informality and in great volume, satisfaction of the claimant's statutory obligation is to be judged in a practical way. [Citation omitted.] Considering the background, experience, training, education, physical and mental capabilities of the Claimant, the kinds and types of employment formerly followed and no longer open to him, *the absence of any indication of any specific work* less exacting within his residual competency and reasonably available as a prospective source of employment in the general area where he lives, this record satisfies that test. When the Claimant could no longer even shuffle dominoes, he was not required by the use of a catalogue of the nation's industrial occupations to go down the list and verbally negative his capacity for each of them or their availability to him as an actual opportunity for employment." (Emphasis supplied.)

■ The Claimant herein, has consulted some ten physicians, some more than once, since October, 1960. The Examiner, considering the opinions of these physicians found that, although the claimant's over-all condition has deteriorated to the point where he cannot engage in strenuous work, he has not established that he is unable to engage in *some* type of gainful employment. We disagree.

It would be difficult to pinpoint and name a particular disease or illness which would be considered the sole cause of this disability, for the physicians themselves are not in complete agreement here. It is sufficient to say that the combination of medically determinable peripheral

vascular difficulties, limited range of spinal movement and the resulting psychoneurosis, prevent this Claimant from being gainfully employed. We must also look to the subjective evidence of pain and disability testified to by claimant and corroborated by those around him. Claimant's lack of bladder control, inability to stand or walk for long periods of time and all other corroborated and uncontradicted complaints must be considered.

In addition, educational background, work record and age have a bearing on our decision. Underwood v. Ribicoff, 298 F.2d 850 (4 Cir. 1962). Claimant, herein, was 55 years of age at the time of his application, he had been a farmer all his life, has no formal education and speaks only French. This man has no other abilities except farming and there is little question that he can no longer farm. What gainful employment can he enter— we can find none.

The Hearing Examiner apparently disregarded the evidence as a whole and considered only the report of one physician based on one examination dated March 23, 1961, wherein the opinion states that no disability existed. We cannot regard this finding as controlling, and now hold that if such was the basis for the Examiner's ruling, it cannot, as a matter of law, be considered as "substantial evidence" of ability to work when viewed with the overwhelming evidence to the contrary found in this record. Consolidated Edison Co. v. N. L. R. B., supra.

The defendant's argument that the Claimant's disability did not occur during the period of his application has no merit. The reports of Dr. Bellard, made on Nov. 2, 1960 and Feb. 17, 1961, establish with sufficient certainty (and are corroborated by later medical opinions) that the Claimant was disabled during the period prior to February 23, 1961.

For these reasons, the decision of the Secretary is reversed and the matter is remanded for appropriate action.