William JACKSON, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.

No. C 68–529.

United States District Court,
N. D. Ohio, E. D.

June 23, 1970.

Barry L. Springel, Cleveland, Ohio, for plaintiff.

Harry Pickering, Asst. U. S. Atty., Cleveland, Ohio, for defendant.

## ORDER

LAMBROS, District Judge.

This cause came on for review of the decision of the Secretary of Health, Education and Welfare (hereinafter "Secretary") denying disability benefits to the plaintiff, William Jackson (hereinafter "claimant"), in accordance with 42 U.S.C. § 405(g). The claimant asserted that he was disabled due to a condition of pulmonary tuberculosis. The Secretary through the Hearing Examiner denied this claim for disability upon the following findings:

"1. The Hearing Examiner has jurisdiction of the claimant and the subject matter.

2. The claimant last met the earnings requirements of the Social Security Act, as amended, on June 30, 1957.

3. The claimant was born on January 31, 1930, and is therefore 38 years of age. He was 25 years of age on the alleged onset date of disability.

4. The claimant has wilfully aggravated his impairment and has wilfully failed to follow the treatment prescribed, and refused medical treatment, and, therefore, by virtue of his conduct, he cannot qualify for benefits.

5. The evidence fails to establish that the claimant's impairments prevented him from engaging in substantial gainful activity for any continuous period which has lasted or can be expected to last at least 12 months at any time when he met the earnings requirements of the Social Security Act.

6. The claimant was not under a "disability" as defined in the Act either prior to or after the Social Security Amendments of 1965, at any time prior to the issuance of this decision."

Upon consideration of the pleadings and the transcript of the record in the

case at bar, the Court affirms findings Nos. 1, 2 and 3 of the Hearing Examiner. Findings Nos. 4, 5, and 6 are overruled. The summary judgment motion of the defendant is overruled. The decision of the Secretary is reversed and remanded for a rehearing consistent with this opinion.

Referring now to the statutory provisions under the Social Security Act, the following provisions are applicable to a case involving a claim for a disability. The term "disability" means an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months * * *." 42 U.S.C. § 423(d) (1) (A). The Act further provides that:

"[A]n individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d) (2) (A).

A physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d) (3).

It is also well settled that a claimant has the burden of proof to establish his entitlement to disability benefits under the Act. May v. Gardner, 362 F.2d 616, 617 (6th Cir. 1966). However, "once a claimant produces evidence of a medically determinable physical impairment of long-continued or indefinite duration which renders him unable to perform his prior work, the burden shifts to the defendant to adduce evidence of job availability suitable to plaintiff's age, work experience, educational background and capacity. Corbin v. Ribicoff (W.D.S.C.) 204 F.Supp. 65; Nelson v. Gardner (C.A.6) 386 F.2d 92; Carico v. Gardner (C.A.4) 377 F.2d 259." Bethune v. Finch, 302 F.Supp. 425, 436 (W.D.Mo.1969), see Townsend v. Cohen, 296 F.Supp. 789, 794 (W.D.Pa. 1969).

Applying the above principles of law and the ones that follow to the case at bar, the Court finds that there is no substantial evidence to support the finding of the Hearing Examiner that the tubercular condition of the claimant prevented him from engaging in any substantial gainful activity for any continuous period which has lasted or can be expected to last at least 12 months at any time before June 30, 1957. Rather, the claimant's condition clearly satisfies the requirements of the Regulations of the Secretary which pertain to respiratory impairments. In the Regulations, there is an appendix of impairments which (1) are of a level of severity deemed sufficient to preclude an individual from engaging in any gainful activity and (2) are expected to result in death or to last for a continuous period of not less than 12 months. 20 C.F.R. § 404.1506(a). With respect to impairments of the respiratory system and in particular, of the condition of pulmonary tuberculosis, the Regulations in pertinent part read as follows:

"3.00 Respiratory System

A. Cause of disability: The disability produced by respiratory disease usually results from chronic recurrent

infection, communicability or from pulmonary insufficiency or a combination of these factors.

B. Pulmonary tuberculosis is a communicable disease and disability is determined primarily on the basis of activity of the disease. Individuals with 'inactive' or 'quiescent' disease are not considered to be under a disability on the basis of tuberculosis, whereas individuals with 'active' tuberculosis are considered to be under a disability. *Those individuals who meet the criteria described in § 3.08 for pulmonary tuberculosis will be found to have a disabling impairment which is expected to last for a period of at least 12 months.* * * *

* * * * * *

3.08 Pulmonary tuberculosis (caused by M. tuberculosis or pathogenic atypical mycobacteria). With:

A. Positive culture (or positive guinea pig inoculation) of specimen obtained more than 3 months following onset of disability; or

B. Serial X-ray evidence of increasing extent of lesion more than 3 months following onset of disability; or

C. *Far-advanced disease with cavitation and positive culture (or positive guinea pig inoculation) of specimen obtained at any time following onset of disability*; or

D. Impairment of pulmonary function due to extensive disease should be evaluated under the criteria in § 3.02, § 3.04, or § 3.05." 20 C.F.R., Chapter III, Subpart P., Appendix. (Emphasis added.)

The letter from Dr. Teitelbaum of May 10, 1965 (T. 90) clearly demonstrates that the claimant's condition of pulmonary tuberculosis was far-advanced with cavitation and there was a positive culture of a specimen obtained at any time following the onset of his disability. He had such a diagnosis not only on August 28, 1954 but also on September 3, 1956. (T. 90). Applying the Regulations, the claimant clearly established that prior to the date his insured status terminated (June 30, 1957), he had a disabling impairment which was expected to last for a period of at least twelve months.

The medical evidence further reflects that the claimant's tubercular condition did last for at least such a period of time and for a time a great deal longer. The claimant's tubercular condition has spanned at least a period of fourteen years. During this period of time, his medical impairment was basically in a serious condition. Thus, the medical evidence discloses that his first admitting diagnosis on July 28, 1954 was Far Advanced Pulmonary Tuberculosis, Active. (T. 90). The most recent medical report in the record (January 1, 1968) reports the same diagnosis. (T. 115). Although the claimant's condition during this period fluctuated between an active state and inactive one, it apparently has not substantially improved. Thus, in 1963, a medical examiner found the claimant's vital capacity to be rather low. (T. 106). The medical examiner also found that the claimant was a candidate for a resection of the left upper lobe region of the lung. (T. 106). (See also T. 104, 115). Another medical examiner found the tubercular condition to be noninfectious since August, 1963. (T. 105). This clearly implies that the condition was infectious from its inception to at least August, 1963. The above evidence, therefore, reflects that the claimant is a very sick individual who has been inflicted with a very grave and disabling disease. His disease not only presents serious medical problems but also it is compounded by grave social obstacles and implications. The evidence is overwhelming that the claimant has a disabling impairment which is expected to last for a period of at least twelve months. The finding of the Hearing Examiner to the contrary is medically unsupportable by the evidence in the record.

█ Moreover, the record reflects that the claimant because of his medical

impairment, could not work not only prior to the time his insured status terminated (T. 37) but also thereafter. (T. 38, 39, 84, 94, 110, 111, 115). Thus, the claimant met his burden of proof that he was under a disability.

█ The Hearing Examiner did not rebut this claim of disability by adducing evidence of job availability suitable to the claimant's age, work experience, educational background and capacity. The Hearing Examiner did try to overcome the claimant's claim upon the ground that the claimant, among other things, failed to follow prescribed treatment as required by 20 C.F.R. § 404.-1507. The Regulation reads as follows:

"For purposes of entitlement to a period of disability or to disability insurance benefits or to child's, widow's or widower's insurance benefits based on disability, an individual's impairment must also be expected to result in death or to have lasted or be expected to last for a continuous period of not less than 12 months. An individual with a disabling impairment which is amenable to treatment that could be expected to restore his ability to work shall be deemed to be under a disability if he is undergoing therapy prescribed by his treatment sources but his impairment has nevertheless continued to be disabling or can be expected to be disabling for at least 12 months. However, an individual who willfully fails to follow such prescribed treatment cannot by virtue of such failure be found to be under a disability. Willful failure does not exist if there is justifiable cause for failure to follow such treatment." 20 C.F.R. § 404.1507.

The Hearing Examiner found that the claimant willfully aggravated his impairment (apparently because he indulged in smoking and drinking) and that he failed and refused to follow prescribed treatment (apparently because he had a disciplinary discharge from one hospital and left another against medical advice). The Hearing Examiner noted that a mental condition was present at one time but there was no evidence that such condition existed prior to the time the claimant's insured status terminated. Evidence of such a mental condition apparently would be a justifiable cause for his willful failure to follow treatment. Notwithstanding indications that the claimant was a recalcitrant patient, that he signed himself out during one period of hospitalization and that he smoked and drank, there is still no medical opinion contained in the record which states that the claimant's condition was amenable to treatment and this prescribed treatment would restore his ability to work and, moreover, it is sheer speculation upon the Hearing Examiner's part to assume so. Before the Hearing Examiner could find that he willfully failed to follow a prescribed treatment, the Hearing Examiner must have evidence before him that the disability was amenable to treatment and such treatment would restore the claimant to his former ability to work. Therefore, the Court feels that this case should be remanded to the Secretary for evidence on this question. If such evidence is adduced, the claimant should be allowed to introduce evidence that there was a justifiable cause for his failure to follow the prescribed treatment prior to the time his insured status terminated.

Evidence should also be adduced in one other respect. Inasmuch as the claimant has established a medical impairment which precludes him from his former work, the Secretary should elicit evidence on the job availability suitable to the claimant's age, work experience, educational background and capacity.

It is so ordered.