786 F.2d 1166
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EARL G. ROGERS, Plaintiff-Appellant,
vs.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 84-5879
 United States Court of Appeals, Sixth Circuit.
 2/28/86
 
 W.D.Tenn.
 REVERSED AND REMANDED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE
 Before: KENNEDY and CONTIE, Circuit Judges; and GIBSON, District Judge.*
 PER CURIAM.
 
 
 1
 Earl Rogers appeals from the district court's decision to affirm the Secretary of Health and Human Services' determination that he is not disabled.
 
 I.
 
 2
 In 1978, Earl Rogers applied for, and received, Disability Insurance Benefits and Supplemental Security Income Benefits based upon a finding of numerous impairments which prevented Rogers from engaging in any substantial gainful activity. On March 30, 1981, the Secretary of Health and Human Services (Secretary) administratively reviewed Rogers' case and determined that Rogers was no longer disabled, and was therefore not entitled to receive future benefits. Although the claimant had originally requested an evidentiary hearing to review this determination, he decided to not pursue his claim since he was attempting to work. On September 4, 1981, his request for an evidentiary hearing was dismissed without prejudice.
 
 
 3
 On March 15, 1982, Rogers filed new applications for Disability Insurance Benefits and Supplemental Security Income Benefits alleging disability resulting from emphysema, arthritis and heart trouble with a March 12, 1982 onset date. These applications were administratively denied, both initially and upon reconsideration. On July 28, 1982, the claimant had an evidentiary hearing before an Administrative Law Judge (ALJ). He was not represented by counsel at this hearing. The ALJ concluded that although Rogers could not return to his previous employment, he was able to perform light work. Applying the 'grid,' the ALJ found Rogers to be not disabled and denied benefits. Upon affirmance by the Appeals Council, the Secretary's denial of benefits became final.
 
 
 4
 On appeal to the United States District Court for the Western District of Tennessee, the case was referred to a magistrate for review and recommendation. The magistrate, on January 30, 1984, recommended that the Secretary's decision be affirmed, reasoning that the decision was supported by substantial evidence. This recommendation was adopted by the district court on July 27, 1984. This appeal followed. The following evidence is incorporated in the claimant's record.
 
 
 5
 At the time of trial, Rogers was 50 years of age. He completed the seventh grade and is able to read and write. His primary employment was as a truck driver, but his most recent relevant employment was as a maintenance worker. He has also been employed as a roofer, painter and carpenter. His last job required lifting 90 pounds and walking or standing four to five hours a day. The other relevant work also required lifting at least 50 pounds.
 
 
 6
 At the hearing, Rogers testified that he has trouble breathing, suffers from dizziness and has blacked out on occasion. He stated he could only stand for one or two hours at a time, and could walk only one block due to dizziness and breathing difficulties. He stated he could not lift heavy objects and that he has arthritis in his fingers, shoulders and neck. He stated further that he planned to go to a mental health center for a second appointment because of his nerves.
 
 
 7
 Rogers' wife testified at trial that Rogers was unable to work a full day. A neighbor testified that the claimant suffers from shortness of breath and dizziness, preventing him from working.
 
 
 8
 The medical evidence consists primarily of reports from the Family Practice Center at the University of Tennessee, Jackson, Tennessee, where Rogers has been a patient for several years, and reports compiled during a hospital stay at the Jackson-Madison County General Hospital. The reports reveal that Rogers often suffers from severe shortness of breath and dizziness. He has been diagnosed as having chronic obstructive pulmonary disease and asthmatic bronchitis, or chronic bronchitis. Due to Rogers' continued smoking, however, the doctors believed a complete evaluation of his pulmonary disease could not be completed. All doctors agreed that there was an irreversible component to the disease, but they could not determine whether there was also a reversible component. Dr. Ellis believed that the existence of a reversible component was probable. Rogers had been told to stop smoking on several occasions so that an evaluation could be conducted. The record indicates that Rogers, who had smoked for 40 years, did not believe he could quit, but stated he would try.[1] The pulmonary function studies are varied and inconclusive. Dr. Harnisch reported that fumes, dust and tar irritate and aggravate the claimant's breathing difficulties.
 
 
 9
 The medical evidence also reveals a history of chest pain, hyperventilation, a hiatal hernia and a peptic ulcer. The claimant has an alcohol abuse problem which has apparently caused some damage to his liver.
 
 
 10
 The reports also indicate that Rogers suffers from chronic anxiety, although a psychological evaluation has not been conducted. Dr. Harnisch believes that the claimant's anxiety and confusion aggravate his chronic obstructive pulmonary disease and asthma. Dr. Williams suggests that the claimant's chronic anxiety and depression is a 'moderate to severe impairment of his breathing,' and may be an even greater impediment than the chronic obstructive pulmonary disease. Dr. Williams had prescribed medication for Roger's anxiety and depression, and in a letter dated July 27, 1982, he stated that the claimant would not be able to perform well in a work situation. He suggested to the Social Security Administration that a psychiatric evaluation of the claimant would be in order, and that he had referred Rogers to a mental health center.
 
 
 11
 On appeal, the claimant raises several assignments of error.
 
 II.
 
 12
 Pursuant to 42 U.S.C. Sec. 405(g), the Secretary's factual findings are conclusive if supported by substantial evidence. 'Substantial evidence' is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The substantiality of the evidence must be judged by the record as a whole, Hephner v. Mathews, 574 F.2d 359, 362 (6th Cir. 1978), and "must take into account whatever in the record fairly detracts from its weight." Beavers v. Secretary of Health, Education & Welfare, 577 F.2d 383, 387 (6th Cir. 1978) (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951)). 'A single piece of evidence will not satisfy the substantiality test if the Secretary ignores, or fails to resolve, a conflict created by countervailing evidence.' Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983). This deferential standard of review, however, applies only to resolving factual disputes. See, e.g., Wiggins v. Schweiker, 679 F.2d 1387 (11th Cir. 1982).
 
 
 13
 There are many ways to establish disability under the Social Security Act. If an individual is working, he or she is automatically not qualified for benefits. If a claimant has certain listead impairments, benefits are owing without further inquiry. 20 C.F.R. Sec. 404.1525(a). If an individual is not working and does not have one of those impairments, as in this case, the Secretary must determine whether the individual can return to the job he previously had, assuming the individual had previously worked. A claimant establishes a prima facie case of disability, and satisfies his burden of going forward, when he shows an inability to return to his prior work. The last inquiry is whether the individual retains the capacity to work in a different kind of job, taking into consideration present job qualifications such as age, experience, education and physical capacity, and the existence of jobs to match those qualifications. 20 C.F.R. Sec. 404.1520(f)(1); Heckler v. Campbell, 461 U.S. 458, 460 (1983). If the claimant can work, he or she is not disabled. The burden is on the Secretary to establish the claimant's ability to work, Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980); this burden can, on occasion, be satisfied by using the medical-vocational guidelines, or the 'grid.' 20 C.F.R. pt. 404, subpt. P, app. 2.
 
 
 14
 We hold that the ALJ improperly relied on the grid to satisfy her burden that the claimant was not disabled. First, we have significant reservations with respect to the Secretary's conclusion that Rogers was capable of performing light work.[2] The grid cannot be used unless the claimant's characteristics 'identifically match the description in the grid . . ..' Kirk v. Secretary of Health & Human Services, 667 F.2d 524, 528 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).
 
 
 15
 However, the more significant error is the Secretary's reliance on the grid when there was evidence of nonexertional impairments. The grid is not to be mechanically applied when there are significant nonexertional limitaitons. Damron v. Secretary of Health & Human Services, 778 F.2d 279, 281 (6th Cir. 1985). If a claimant suffers from a mental impairment or an inability to tolerate dust or fumes, the grid is not fully applicable '[s]ince the rules are predicated on an individual's having an impairment which manifests itself by limitations in meeting the strength requirements of jobs . . ..' 20 C.F.R. pt. 404, subpt. P, app. 2, Sec. 200.00(e). There are two significant nonexertional limitations in this case: chronic anxiety and the inability to work around fumes, dust and tar. The ALJ did not even address these limitations. It is improper for the Secretary to rely on the grid to satisfy his burden when there are severe nonexertional restrictions; rather, it is necessary to elicit testimony from a vocational expert to determine if jobs exist in the economy that fit the specific characteristics of the claimant. Damron, 778 F.2d at 282.
 
 
 16
 We further note that the ALJ's errors in this instance are exacerbated by the fact that the claimant was not represented by counsel at the hearing. The ALJ has a special duty when a claimant proceeds pro se. Lashley v. Secretary of Health & Human Services, 708 F.2d 1048, 1051 (6th Cir. 1983). 'To satisfy this special duty the administrative law judge must 'scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." Id. at 1052 (citation omitted). As in Lashley, the claimant here was not sophisticated and the ALJ's questioning was largely superficial. The ALJ did not even inquire into the claimant's emotional problems, or attempt to more fully understand his physical limitations. See also Heckler v. Campbell, 461 U.S. 458, 471-72 and 475 (1983); Webb v. Finch, 431 F.2d 1179, 1180 (6th Cir. 1970); Stephens v. Ribicoff, 307 F.2d 304, 306 (4th Cir. 1962).
 
 
 17
 The improper application of the grid, the availability of evidence relating to the claimant's emotional problems and the claimant's pro se status require that the district court's decision be REVERSED, and this case be REMANDED to the ALJ for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Benjamin F. Gibson, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 There is also evidence that Rogers did not smoke for at least one week, in April or May of 1982
 
 
 [2]
 The record does not contain any medical reports addressing the claimant's physical limitations. Also, the ALJ's reliance on Rogers' 'refusal' to quit smoking is possibly misplaced. See Fraley v. Secretary of Health & Human Services, 733 F.2d 437, 440 (6th Cir. 1984); Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984); Jackson v. Secretary of Health, Education & Welfare, 319 F. Supp. 385, 389 (N.D. Ohio 1970)